ROSA E. DELONY, plaintiff in error, *vs* JOHN P. FORT, administrator, defendant in error.

(BY TWO JUDGES.)—1. A widow need not make the affidavit of payment of taxes required by the Act of October 13, 1870.

2. Where a judgment has been obtained since the adoption of the Constitution of 1868, the Court will presume that if the contract on which it is founded was for the purchase of slaves, or for the hire thereof, it would have been pleaded and proved on the trial at which the judgment was obtained.   12th March, 1872.

Slave debts.  Presumptions.  Relief act of 1870.  Widows. Before Judge COLE.  Bibb Superior Court.  May Term, 1871.

For the facts necessary see the opinion.

NISBETTS & JACKSON, for plaintiff in error.

WHITTLE & GUSTIN, for defendant.

.MONTGOMERY, Judge.

The plaintiff, a widow, obtained judgment in February 1870, against the defendant on an indebtment of the intestate created before June, 1865.

An affidavit of illegality was filed to the execution issued on plaintiffs judgment on several grounds.   It is only necessary to notice two—first, that the consideration of the debt, or of a great part ot it, was slaves; second, that no affidavit of judgment of taxes had been filed.  A motion was made to dismiss the affidavit of illegality, which was overruled. The judgment estops the defendant from making any defense which was within his knowledge, and in his power to make the suit, before judgment, not amounting to an independent set-off, or a purely equitable defense.  Nor is a widow obliged to file an affidavit of payment of taxes :  Relief Act of 1870, section 14.

Judgment reversed.